United States District Court
Southern District of Texas

**ENTERED**

June 15, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| INTERSTATE DISTRIBUTOR COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1781 |
| | § | |
| ANDREW JEROME ELLIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Interstate Distributor Company filed this petition under the Federal Arbitration Act, 9 U.S.C. § 10, seeking to vacate an arbitration award. Andrew Ellis was an Interstate truck driver. Ellis and Interstate had agreed to arbitrate any workplace injury dispute between them before the American Arbitration Association. (Docket Entry No. 1, Ex. A at 14). Ellis was injured on March 5, 2013 while making a pipe delivery for Interstate in Texas and initiated the arbitration to recover damages. The arbitration resulted in an award in his favor. Interstate's federal petition to vacate followed.

Shortly before Ellis was scheduled to file his dispositive motion in this case, Interstate agreed to pay the award and dismiss its petition. Ellis then moved to recover the fees and costs his attorneys had incurred in responding to this petition to vacate. (Docket Entries No. 14, 16, 17). Interstate has responded. (Docket Entry No. 18). Ellis based his fee motion on the grounds that he was the prevailing party in this petition and that Interstate's attack on the award was "without justification."

The court finds that the record and the applicable law provide no basis to award Ellis the fees and costs he seeks. The reasons for denying the motion are explained below.

## I.      Background

The law firm of Trimble and Grantham represented Ellis in the AAA arbitration he initiated. (Docket Entry No. 1, Ex. D).  James Greenwood was selected to serve as the arbitrator through the AAA's strike-and-rank selection method.  Under this method, the AAA gives the parties the names of ten potential arbitrators.  Each party strikes any potential arbitrator they object to and ranks the rest in order of preference.  (Docket Entry No. 1, Ex. D).

Following his appointment, Greenwood disclosed that he was scheduled to be an arbitrator in a separate matter in which Trimble and Grantham represented a party.  (Docket Entry No. 1, Ex. E).  Greenwood stated that this connection would not interfere with his ability to arbitrate without bias.  (Docket Entry No. 1, Ex. F).

The day before the scheduled arbitration hearing, Ellis's counsel emailed the AAA, stating that he had "discovered [an] irreconcilable conflict" and asking that Greenwood be replaced. (Docket Entry No. 1, Ex. G).  The email provided the following brief explanation:

> An incident occurred in my professional career with the arbitrator. He was not an arbitrator at the time. It was brought to my attention yesterday when I was preparing for this arbitration. The event included statements that a positive outcome on any matter would never occur.

(Docket Entry No. 1, Ex. I).

The next morning, Mary Jara with the AAA held a hearing to address counsel's newly disclosed conflict.  Ellis's counsel provided no additional details, objecting that doing so would violate a confidentiality agreement.  (Docket Entry No. 1 at ¶ 19).  Jara overruled Ellis's challenge to Greenwood and ordered the arbitrator to proceed as scheduled.  (Docket Entry No. 1, Ex. I). Greenwood found for Ellis, ruling that Interstate had negligently failed to check the truck shipment and that this failure caused Ellis's injuries.  (Docket Entry No. 1, Ex. J at 7).  Greenwood awarded

Ellis $188,583 in damages.  (*Id*. at 8).

Interstate then filed the petition to vacate the arbitration award in federal court.  The petition alleged that the conflict between Greenwood and Ellis's counsel resulted in Greenwood's "evident partiality or corruption" under 9 U.S.C. § 10.  Interstate argued that the belated conflict, while seeming to create a bias in Interstate's favor, instead gave Greenwood an incentive to rule for Ellis to avoid appearing biased and thereby giving Ellis a basis to challenge an adverse ruling.  Interstate also argued that Greenwood was afraid that ruling against Ellis could lead to AAA discipline for failing to disclose the conflict earlier.  (Docket Entry No. 1 at ¶  32).  Interstate also asked for discovery on the conflict if the court found that partiality was not evident from what Ellis's counsel had disclosed.  (*Id*. at 29).

At the Rule 16(b) pretrial conference, the court set a briefing schedule for summary judgment motions. The court also ruled that Interstate could not conduct discovery until Ellis filed his motion and Interstate met the Rule 56(d) standard for showing that discovery was needed to respond to a summary judgment motion.  Five days before Ellis was scheduled to file his summary judgment motion, Interstate agreed to pay the arbitration award and the parties agreed to dismiss the case, which the court did on December 29, 2015.  (Docket Entry No. 13).

On February 1, 2016, Ellis's counsel moved to recover the attorney's fees and costs he had incurred in responding to Interstate's federal petition, arguing primarily that Interstate's attempt to vacate the arbitration award was "without justification."[1]  (Docket Entry No. 14).  Interstate

---

[1]

Interstate also argued that:  1) the request was untimely; 2) Ellis did not "prevail" in this litigation; and 3) the amount of fees is unreasonable.  (Docket Entry No. 18 at ¶¶ 2-5).  The court finds that Interstate's refusal to comply with, and its attack on, the award did not lack justification and was not legally frivolous, and does not reach these alternative arguments.

responded.  (Docket Entry No. 18).

## II.    The Motion For Attorney's Fees and Costs

Absent party agreement or statutory authorization, parties bear their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245–47 (1975); *Texas A&M Research Found. v. Magna Transp. Corp., Inc.*, 338 F.3d 394, 405 (5th Cir. 2003).  "The FAA does not provide for attorney's fees to a party who is successful in confirming an arbitration award in federal court." *Trans Chem. Ltd. and China Nat'l Mach. Import & Export Corp.*, 978 F. Supp. 266, 311 (S.D. Tex. 1997) (citing *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994)).  "The prevailing party may nevertheless be entitled to attorney's fees in an action to confirm an arbitration award if the opponent's reasons for challenging the award are 'without merit' or 'without justification,' or are legally frivolous, that is, brought in bad faith to harass rather than to win." *Id.* (citing *Executone Info. Sys. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994)) (other citations omitted).

 Several cases have denied fee awards following unsuccessful challenges to an arbitration award.

•      In *Glover v. IBP, Inc.*, 334 F.3d 471 (5th Cir. 2003), the district court confirmed an arbitrator's award but refused to award the claimant the attorney's fees incurred in enforcing the award in federal court.  The respondent challenged the award as exceeding the arbitrator's authority. The Fifth Circuit affirmed both decisions, concluding that fees were not appropriate because the argument against enforcement was "not frivolous." *Id.* at 477.


•      In another case, *Bruce Hardwood Floors v. UBC, Southern Council of Industrial Workers, et al.*, 103 F.3d 449 (5th Cir. 1997), the district court confirmed an arbitration award and

awarded attorney's fees to the claimant, finding that the opposing party acted "without justification."  The Fifth Circuit reversed both holdings, concluding that the arbitrator had exceeded his authority, the award should not have been confirmed, and the district court had abused its discretion in awarding fees.  *Id.* at 453; *see also Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Great W. Food Co.*, 712 F.2d 122, 125 (5th Cir. 1983).

- In a third case, *International Association of Machine & Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279 (5th Cir. 1981), the Fifth Circuit held that the district court had abused its discretion by denying the claimant the fees it incurred in defending the award.  The court stated that "when determining whether a party's refusal to abide by an arbitration decision was 'without justification' such as to authorize an award of attorney's fees to the party seeking enforcement, it is of course not enough merely to conclude that because the challenge was unsuccessful, it therefore was 'without justification.'"  *Id.* at 283.  "By parity of reasoning, however, the mere assertion that the grounds for a party's refusal to abide by the award concerned the arbitrator's power to make the award does not compel the conclusion that the party's decision must have been justified."  *Id.*  The challenge to the award "addressed not the arbitrator's jurisdiction, but rather the panel's action on a matter involving the 'intrinsic merits' of the dispute, i.e., the panel's interpretation of the grievance and its broad discretion in fashioning an appropriate remedy."  *Id.* at 284.  "[T]hese grounds for attacking an arbitration award, no matter how characterized, are without merit, and a refusal to abide by a decision based upon such grounds is 'without justification.'"  *Id.*

Interstate had a nonfrivolous legal basis for challenging the arbitrator's authority to proceed. These cases are instructive.

5

Unlike *Bruce Hardwood*, Interstate did not succeed in challenging the award. Unlike *Texas Steel* and *Glover*, however, Interstate limited its attack to the arbitrator's "evident partiality," *see* 9 U.S.C. § 10 (a)(2), and did not challenge the award's "intrinsic merits." In both *Texas Steel* and *Teamsters*, the challenges were properly characterized as attacks on the intrinsic merits of the arbitrators' awards. *See Texas Steel*, 639 F.2d at 281; *Teamsters Gen. Drivers Warehousemen v. Greif Packaging, LLC*, No. CIVA409CV2252, 2010 WL 1417889, at *7 (S.D. Tex. Apr. 7, 2010). In considering a challenge to an arbitration award, "[a] court may not address issues that go to the intrinsic merits of a dispute." *Texas Steel*, 639 F.2d at 281; *see also* 9 U.S.C. § 10 (listing the grounds for challenging an arbitration award).

The record does not show that Interstate lacked a factual justification to file the petition to vacate. The record shows that on the eve of the final arbitration hearing, Ellis's counsel revealed a conflict between himself and the arbitrator. The arbitrator had not disclosed the conflict, and Ellis's counsel provided only scant detail. The conflict was significant enough that Ellis attempted to replace Greenwood. Interstate had a good-faith basis for believing that Ellis's counsel had belatedly disclosed a significant conflict. Interstate had no opportunity to learn the details except in a federal action seeking vacatur.

The fact that Interstate paid the award does not vitiate finding justification. Interstate may well not have prevailed; showing evident partiality would be difficult, given that the conflict was seemingly in Interstate's favor. But the fact that a challenge to an arbitration award has a low likelihood of success does not make it without justification. *See, e.g., Lummus Glob. Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 648 (S.D. Tex. 2002). A lack of factual justification is not supported on this record.

6

Interstate's ground for challenging the arbitrator's authority rested on a recognized ground: an undisclosed conflict that could "involve a significant compromising connection to the parties." *See, e.g., Positive Software Sols., Inc. v. New Century Mortgage Corp.*, 476 F.3d 278, 282-83 (5th Cir. 2007). Such an attack on the scope of an arbitrator's authority is not inherently legally frivolous, as was the case in *Texas Steel*.

The record is inadequate to support the fees and costs Ellis seeks. His motion is denied.

## III.   Conclusion

Ellis's motion for attorney's fees and costs, (Docket Entries No. 14, 16, 17), is denied.

SIGNED on June 15, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge